[No. 25368. Department One. October 17, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Pearl Benjamin, Plaintiff,* v. A. W. HAWKINS, *as Judge of the Superior Court for Yakima County, Respondent.*[1]

*V. O. Nichoson,* for relator.
*McAulay & Freece,* for respondent.

MAIN, J.—Otto H. Leiendecker brought an action in the superior court to require the clerk of the city of

[1]Reported in 36 P. (2d) 536.

Yakima to accept and file his declaration of candidacy for the office of mayor of that city. The trial resulted in findings of fact from which the court concluded that the plaintiff was entitled to the relief sought, and from the judgment entered in accordance therewith the case is here for review upon a writ of certiorari.

For several years prior to the spring of 1931, the city of Yakima was a municipal corporation organized under Rem. Rev. Stat., §§ 9090 [P. C. § 897] *et seq.*, which provide for a commission form of government for cities having a population of two thousand and less than thirty thousand. At the present time, Yakima is a city of the first class, and has adopted a charter in accordance with § 10 of Article XI of the constitution of this state, which provides that any city containing a population of twenty thousand inhabitants or more shall be permitted to frame a charter for its own government consistent with and subject to the constitution and laws of the state.

The charter adopted by the city provides that a general election shall be held on the first Monday in December, 1934, and that all general elections shall be held the first Monday in December every third year thereafter. It also provides that primary elections shall be held two weeks prior to the date of the general elections, and that all candidates to be voted for at the general elections shall be nominated at such primary elections.

"The two candidates for each elective office receiving the highest number of votes therefor shall be the candidates for those offices at the general election."

The question to be determined is whether the primary elections under the charter are to be held under the commission form of government law or under the general primary election law (Rem. Rev. Stat., § 5167

[P. C. § 2158] *et seq.*). If the general primary law applies, the judgment of the trial court was correct. On the other hand, if the commission form of government applies, the time for filing declarations of candidacy had not yet arrived when a declaration in this case was tendered to the clerk.

■ The charter of the city provides:

"Primary elections shall be conducted in the manner provided by the laws of the state for primary elections in municipalities."

Inquiry must be directed to whether the framers of the charter intended by that language the general primary election law or the commission form of government law.

Rem. Rev. Stat., § 5169 [P. C. § 2160], which is one of the sections of the primary law, among other things, provides that certificates of nomination for municipal offices shall be filed with the clerks of the respective municipal corporations wherein officers are to be elected. Section 5171 [P. C. § 2162], which covers the matter of certificates of nomination and the preservation thereof, refers to cities as well as other subdivisions of the state. Other sections throughout the act make similar references, from which it would appear to follow that the general primary election law applies to cities or towns as well as to the state itself and the other subdivisions thereof.

The commission form of government law applies only to a city having a population of two thousand and less than thirty thousand, and in this sense is a limited or special act. That act does not furnish a complete method of nominating candidates for municipal elective offices which are organized under the act, and provides that the election of such officers, in so far as it is not inconsistent with the provisions of the act, shall

be governed by the general law. Yakima now being organized with its own charter, the provisions for the nomination and election of candidates under the commission form of government law could not all be applied. It is true that the present government in many respects is similar to the former, but there are marked differences in certain respects. It may also be said that all of the provisions of the general primary law would not be applicable to the primary elections held by the city of Yakima under its charter.

When all the provisions of the general primary law are considered, it cannot be held, as is contended, to apply only to partisan elections. If the framers of the charter had intended the commission form of government law to apply, it would have been easy to have so stated in the charter. Not having so stated, and having provided that the primary elections should be conducted "in the manner provided by the laws of the state for primary elections in municipalities," it would seem that the general primary election law was intended, and not a law limited in its application as is the commission form of government act. It is our view that the general primary election law was intended to apply by reason of the language used in the charter, in so far as it was applicable.

The judgment will be affirmed.

BEALS, C. J., MILLARD, and TOLMAN, JJ., concur.